Good to guess is mine, Judge. First is Midland Credit. Trichell, we've got Trickle. Okay, we'll find out. Mr. Phillips. Good morning, Your Honor. Thank you very much. Learned of counsel. I guess we really can't get to play the season until we address spring training, and in this case based on the court's order we need to talk about standing first because when I'm standing everything else is academic. Right. So, you asked us to address the Nick Law case. I think the Nick Law case doesn't apply here for several reasons. One, in Nick Law it was a state law claim that eventually was cured before they filed suit. Here this is a federal claim. There's no evidence they were cured by stopping... I don't know what state versus federal has to do with it. My concern is this. When you're alleging a statutory violation, you nevertheless have to show, the Supreme Court says, you nevertheless have to establish an actual or imminent injury. I understand how with this kind of violation there can at least be a risk of injury, but it appears to me, based on the allegations of the complaint, that the plaintiff knows in fact that this is not an enforceable debt against the plaintiff so that there is no risk of injury. And I would disagree with you, Your Honor, that that's not in the record. Once he obtains lawyers, he's able to learn that, but there's no evidence in the record that Mr. Schell wasn't worried about this, wasn't concerned about this. We simply weren't at that stage. Nor is there an allegation that he is. There is an allegation that he and the class members were put at risk of an injury. And I think being put at risk of the injury is enough. I think this Court in Church v. Creative Health said if you violate the Fair Debt Act... He knows, in fact, that there's not an enforceable debt, right? It doesn't say that in the record, Judge. It doesn't say... He alleges it's not. Well, that's after he has attorneys, Judge. That's after the fact. That's after the violations already occurred. Here's the problem. When we analyze standing, we have to analyze it at the time the complaint is filed. And, Judge, I think that that misses the point here because let's say in the case of the text messages, I mean, this Court's certainly been very active, as of late, on standing on issues such as text messages, FACTA. The violations that already occurred there, the fact that the person knew the text message was illegal, which is the case when they file the suit, or that the truncated or improperly truncated receipt was illegal. At the time of the complaint, they have lawyers and they know it's illegal. They didn't necessarily know when the event occurred that it was illegal. In fact, I, as a plaintiff... Suppose that this letter, this kind of letter, were sent to an individual who knows the law perfectly well and never for a moment would think, oh my gosh, I better make a partial payment or whatever. Would that person have standing to bring this claim? I believe they would have standing to bring the claim because it's an objective standard. It doesn't depend on what the actual recipient knows, but it is a factor that would make it a very unattractive case to bring. How is that person injured or at risk of injury? Because they had the right to be free from illegal debt collection activities. So it's just the fact of a statutory violation? Of a substantive right as opposed to just a mere procedural right. What is the value of the right? We're talking about a mandatory disclosure or the notice can't be misleading. What is the value of that right other than to protect against an improvident payment? That is the value of the right to protect against an improvident payment. That's not even a possibility for my hypothetical recipient who knows what the law is and what his or her rights are. But it's not a matter of notice, of a proper notice. It's of a deceptive or misleading... It's a matter of whether the statutory violation is  or real to use the Supreme Court's... Substantive versus just a procedural. For instance, there's been a number of cases now that have said, let's say the validation notice, that's 1692G where on collection letters it says you have 30 days to dispute the debt or things are going to happen. There's been a number of cases litigated where people have screwed up the validation notice. They've put a writing requirement in where it's not or taken one out where it is. And the courts are split. The Seventh Circuit said, that's just a bare procedural right you lose. Sixth Circuit said, no. That's an important procedural right you win. I as a plaintiff's lawyer would never think that I would quote a Supreme Court justice, let alone your former boss. But Justice Thomas has twice now said, most recently in Frank v. Gawas, in that case where they sent it back to the Ninth Circuit, a plaintiff seeking to vindicate a private right need only allege an invasion of that right to establish standing. That's exactly what happened here, an invasion of a right. There is no evidence here that they stopped trying to collect this debt. In fact, the only reason this debt was stopped was because the client filed bankruptcy. And I think at trial it would come out that one of the motivating factors was these people are still coming after them with their debt. I've litigated a number of these cases and I've actually had consumer testimony where with a defense lawyer, they're carefully working them through the disclaimer, said, see, you now know you can't be sued for the debt. And to a man or a woman, the consumers have said, okay, I see that now with you here, but why do they keep bothering me for this debt? Why do they keep telling me I'm going to lose my rights or lose a benefit if I don't respond quickly? And in fact, that's exactly the position this court was in in Baez v. Ltd., which involved a very similar disclaimer where they said, you know, you can't be sued. And this court affirmed a jury verdict in favor of the consumer because they found that that would deceive or mislead. Now when the consumer filed that lawsuit, they knew they couldn't be sued on that debt by then. It's the same as what was in this court in the Holzman case, which was a non-disclaimer case. But by the time that attorney had lawyered up, so to speak, they knew they didn't have to pay that debt or couldn't be forced to pay that debt. But that's where the harm was. They had to get a lawyer to figure that out. We have consumers here who are, you know... It may be that if a plaintiff alleges... You know, I was worried that I needed to pay this. And therefore, I hired a lawyer and paid the lawyer $100 or $1,000 or whatever, none of which is alleged in this complaint. Right, because it didn't happen here. Right, it didn't happen. You didn't have to pay anybody. Right. It usually doesn't, right? Right. You get to a lawyer and the lawyer says, they can't come after you. They can't come after you and they don't charge them for that. But here's what I can do. I can bring a lawsuit. The problem is, I don't know in that context how that plaintiff can establish a concrete injury. Well, concrete injuries are deprived of a truthful collection notice. A truthful collection notice would have said, in effect, you're a fool for paying this. There's no benefit to you. None. Zero. There were no benefits to be lost. There was no need to put the debt behind because due to the defendant's inaction, the debt was effectively behind the person, both from a collectability standpoint in the court of law, collectability standpoint under the FCRA, which is sometimes two different statute of limitations. In Alabama, it's six years to file suit effectively. Under the FCRA, they have seven years to credit report. So in different states, it can vary. It still may be a benefit if it's still credit reportable. In this case, it wasn't. There was no savings to maximize. There was no save up to amount. All of which I believe establishes a concrete injury. Supreme Court has told us very clearly that there are some statutory violations that don't count as Article III injuries. If you think that giving a misleading notice to a plaintiff who was never misled and would concede to never having been misled, if that's good enough to qualify as an injury, what's a statutory violation that would be too abstract? Here's some examples that I was given over the course of being debating with Judge Posner, Judge Easterbrook, and the Seventh Circuit. Very hot bench. Say a statute said, or say a collection letter said, we will only write to you in purple ink in the future. That's a statement of fact. The Faraday Act prohibited it. That's like the hypothetical about the zip codes from Spokia. The statute is broad. It says no false, deceptive, or misleading statements, and then they write to you in black ink. There's no materiality, no concreteness there because there's no harm. It doesn't do anything bad. The Seventh Circuit had a recent case. Your position, I'm just trying to figure out what the line is. You're saying if the violation is of something that just wouldn't tend to injure anybody like the zip code or like the purple ink, that's too abstract. Another good example would be there was a case that was litigated where people were supposed to give a separate notice of why they were denied employment. Instead of being given the separate notice, it was included on another piece of paper. The court said that was too abstract because you actually got the notice. But if the violation is giving a notice that could clearly mislead some people, that gives everyone standing regardless of whether the individual plaintiff might or might not have been misled. That's your position. That is my position, Judge. That's correct. In this case, if there had been evidence that Mr. Treshelle was a law professor and understood contracts, he would lose. He would lose not because of standing. He would lose because of damages. Because no one, no right jury would award money in that case. Which means... Okay. Mr. Phillips... Oh, I'm sorry, Judge. That's okay. You were answering the question from the court. But I just wanted to make you aware that if you talk further, you'll have another four minutes of rebuttal. Very well, Judge. Mr. Tompkins, will you come speak with us, please? Thank you, Your Honor. Jason Tompkins for Appalese Midland Funding and Midland Credit Management. May it please the Court. I want to start where Judge Katz has left off. It is not enough for standing to allege that someone might possibly be injured by the conduct. The plaintiff has to allege an injury or a concrete risk of injury. And in this case, there are several things... It has to be not only concrete, it has to be particularized. Particularized means it has to be individual to the plaintiff. That is correct, Your Honor. And in this case, it's not. Because there's no dispute that under Alabama law, this debt continues to exist, that under the FDCPA, Midland can continue to ask for voluntary payment of this debt. Well, now you're conflating, really, the standing issue with the merits, which to me is a very different issue. It is a different issue, so I'll go on to... I have five things there. The thing I really want to talk about, at least first, that we must talk about because it's a justiciability issue. It's an issue of subject matter jurisdiction. It's an issue about whether the court has the power to entertain this case. That is correct. Whether there is an adequate allegation of an injury for purposes of standing. That's correct. And that's where I was... We don't analyze the merits for that purpose, do we? You do not, Your Honor. And for purposes here, the next undisputed fact I was going to point out I think is crucial. And that is that Mr. Treshelle did not pay in response to this letter. This debt was not revived and he was not sued. Based on those facts, he has not established a concrete and particularized injury that he suffered. And since the briefing... But you don't deny that a risk of injury can establish standing. A threatened injury can establish standing, but it has to be imminent. And under the Supreme Court's decision in Clapper, which this Court discussed in Georgia Republican Party versus Securities and Exchange Commission, 888 F. 3rd 1198, imminent means certainly impending. And allegations of simply possible future injury are not sufficient. Here, the chain of possibilities that would have to occur to make that risk of waiving his statute of limitations defense and being sued is several steps. He would have had to make a payment. That payment would have had to be in a sufficient form to constitute revival under Alabama law. Just to be clear, in your view of the world, in order for him to have standing, he would have had to make a payment pursuant to that letter. I believe so, yes. And I don't think even that alone would be enough because there were so other steps required before he would be subject to losing that defense. Midland would have to consider it revived. Midland would have to sue him and argue in response. Mr. Tompkins, no. If he alleged, if the plaintiff alleged, I was misled by this in violation of the law and because I was misled, I made a payment that I He's been injured, has he not, for purposes of standing. If he made plausible allegations to that effect, then he could probably establish standing at that point, Your Honor. Probably. I mean, if he paid money, that would be I mean, that's classic injury. But he would have to be paying money because of the deception. That's the allegation that I set up in the hypothetical. I know that's a traceability requirement. You said, you know, if there had been an erroneous payment, well then that'd be one step in the way toward standing. If the injury he claimed, the injury you just identified was simply the payment. The injury that I was addressing, what I heard and maybe I misunderstood Judge Martin, was the risk of injury by being sued or losing his statute of limitations defense in the future. I don't think a payment alone would do that. But had he alleged that the payment itself was the injury and it was only made because he was deceived, then yes, Your Honor, I would concede that he is alleged standing in that case. But again, that is not what he alleged here. And since briefing in this case took place, the Seventh Circuit actually issued an opinion called Casillas v. Madison Avenue, 926 F. 3rd 329. And the allegation there was that the debt collector had failed to tell the plaintiff that she had to request validation of the debt in writing. They left out the words in writing. And the Seventh Circuit concluded that she lacked standing because she didn't allege that she had tried to dispute or verify her debt orally and therefore lost or risked losing those statutory protections. That she had complained only that the notice was missing and she didn't suggest she would ever use that notice. And that there was not any risk of losing her statutory rights because there was no prospect that she would have tried to exercise them. And here, I think that's analogous to Mr. Treshell's failure to make a payment. He never took any steps in response to the letter he claims was missing information or was misleading in order to suffer an injury. And that's a case Mr. Phillips had talked about the validation notice as some examples of where courts had found standing. And those are situations, again, Casillas held that even that, there was not sufficient standing even for leaving   those are situations where the courts have found that there was not sufficient standing where the Congress has decided that certain disclosures and certain rights are required to be disclosed and that some plaintiffs may have, some courts have determined that plaintiffs may have standing if they're deprived of the right to exercise those rights. That's not what we have here. Here, the section's issue are not sections that require some express enumerated right to be disclosed. Instead, they're more don't do bad things. Don't be misleading. Don't be deceptive. And don't be unfair. And so, in that situation, the plaintiff has to show that that bad thing harmed him. Otherwise, it's just a defendant unlawfully harmed me type allegation that walks right into Spokio as being a bare procedural violation that goes back to the Conley-Gibson standard. Or that there's an imminent risk of future harm. Correct. Correct, Your Honor. And so, that's our basic point here is if I never, by not alleging that there was any right that he was deprived of or steps that he took in reliance upon this letter, he was not injured. And that is all I have to say about standing unless the court has any further questions for me on that. If you'd like to hear about the merits, I'm prepared to argue those, but you seem most interested in the standing questions at this point. Thank you. I think we understand your case, Mr. Tompkins. Thank you, Your Honor. Mr. Phillips. By the way, silence doesn't mean I agree with you. I understand. It may just mean that she doesn't take more argument about it's going to be productive. I'll try to be brief and be productive then, Judge. This Court's already found in Church v. Creative Health that a violation alleging that the Fair Debt Act required X or Y and it wasn't done provides for standing. In fact, the Seventh Circuit in the Casillas case disagreed with this Court. And I think that some of the procedural requirements of the Act, one could arguably say they're bare naked procedural, but the right to be free from false, deceptive or misleading collection actions are substantive. They're a concrete injury. They happened to my client. There's no record as to what the effect of that was to him, but that's the point that was made in Baez, which was, we'll see what the person testifies to. Were they misled? Were they deceived? You don't have to damage yourself to have standing in the Fair Debt Act. The Fair Debt Act protects people from the attempt to harm people. Now, if the person had paid in response, that just provides for actual damages. We have a statute that has statutory and actual damages. Are there actual damages for this letter? No. We're not alleging that. We ask for statutory damages. And that's all Article III standing requires. Spokio tells us to look not just at what Congress tries to make a redressable injury, but to common law analogs. Is there any pedigree in common law for a fraud claim that doesn't require either reliance or damages? Has there ever been a tort for making a misleading statement on which the plaintiff does not rely? I don't think there is a common law analog to this judge, but I think this is one of these statutes that they came about because they were very concerned that people lying or cheating to consumers caused real harm to them. The receipt of the letter causes the harm. It's not one that you can go, oh, that's worth X. You got a letter and you're discomfited that you're worried that you're going to have to pay this debt or that you're worried that they keep coming after you. This wasn't just a one-time letter. This isn't what the I forget which judge it was that said, oh, it's one text and it's like a fly bothering you or something to that effect, I paraphrase. This was three different letters. And the record doesn't reflect how many other letters there have been. We just know of three letters. And this is a defendant that is relentless in his collection efforts. Remember, this is the defendant this court found to be filing time-bar proofs of claim being improper. The Supreme Court reversed that, but these defendants try to collect by all means necessary. And the only real basis here to try to collect this debt is some sort of moral obligation, but there's no moral obligation to pay someone you never had any business dealings with. This is a debt buyer that bought the debt for a few pennies on the dollar and then tries to get people to pay by all means necessary. Can I, I'm sorry, but No, if you have a question, I want to answer it. Yeah, I know. I mean, you're the expert in this area and you said you weren't aware of any common law antecedent, but I mean hadn't there always been a traditional violation where someone makes a false statement or a negligent misrepresentation or, you know, does that not work as a common law antecedent? Well, there wasn't any viable state law claim for doing those kind of things in the collection context, which is why Congress saw fit to create a uniform Fair Debt Collection Practices Act law that would bring teeth to those kinds of violations. I see my time is up. Well, to make sure I understand what your argument had been, which I think you were tying back to what you said earlier, you're saying there was no common law analog in the absence of reliance on damages. I believe that's correct, Judge. Which is why the statute was passed. Which is correct, Judge. I believe that's... I mean, that's your argument. That's my argument, Judge. Yeah. Okay, I think we understand your case and we'll be in recess until tomorrow morning. All rise. Thank you.